NICOLA T. HANNA
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
JOHN A. BALLA (Cal. Bar No. 295474)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, CA 92501
     Telephone: (951) 276-6246
     Facsimile: (951) 276-6202
     E-mail:    john.balla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 19-00005-JGB |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT SAUNDERS KONGYENG YANG** |
| v. | |
| SAUNDERS KONGYENG YANG, | **Sentencing Date:** 09/09/19<br>**Sentencing Time:** 2:00 PM |
| Defendant. | **Location:** Courtroom of the Hon. Jesus G. Bernal |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney John A. Balla, hereby files its sentencing position as to defendant Saunders Kongyeng Yang.

     The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity

to supplement its position or respond to defendant as may become necessary.

Dated: August 26, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Office

/s/ John A. Balla
JOHN A. BALLA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Saunders Kongyeng Yang faces sentencing for possessing a machinegun under 18 U.S.C. § 922(o). The charge arose after local officers executed a search warrant at his home and found various machineguns, semiautomatic firearms, silencers, ammunition, firearm parts, and firearm modification equipment. Some of the firearms had been reported stolen by their owners. Defendant was also prohibited from possessing firearms or ammunition because of earlier felony convictions, including assault with a deadly weapon. Defendant readily admitted, among other things, that he knowingly possessed the machineguns and that he knew they were, in fact, machineguns.

Based on appropriate sentencing considerations under 18 U.S.C. § 3553(a), the government agrees with the United States Probation Officer's recommendation and respectfully requests a sentence of 46 months of imprisonment, the low end of the advisory United States Sentencing Guidelines range, followed by a three-year term of supervised release and a $100 special penalty assessment.

**II.   FACTUAL BACKGROUND**

On April 19, 2018, officers from Beaumont Police Department executed a search warrant at defendant's home in Beaumont, where he lived with his wife, his children, his brother, and his brother's fiancé. Officers had earlier responded to a suspicious-persons report at the home and found two brothers, Singxay and Peter Vang, leaving in a truck containing a large amount of marijuana. The officers then used that information to obtain their search warrant.

In a laundry room within the home, officers found the following:

- Two Glock handguns with conversion devices that allowed them to fire automatically;
- A Century Arms rifle equipped with parts from an AK-type machinegun that allowed it to fire automatically; and
- An M16-type rifle, with an unknown manufacturer, with modified parts that caused it to fire automatically.

In the home's garage, officers found the following:

- Two silencers with no serial numbers;
- Firearm parts, including lower receivers for AR-15s, drill presses, and other equipment that could be used to convert firearms into machineguns; and
- Approximately 90 rounds of ammunition.

In a Mirandized interview, defendant admitted that he builds AR-15 style lower receivers in his garage.  He also stated that the Vang brothers brought the laundry-room firearms into the home, and he admitted (1) that he moved the firearms into the laundry room from elsewhere in the house once he believed that police were coming, and (2) that he knew the machineguns were in fact machineguns.

The government charged defendant by indictment on January 11, 2019, with possessing machineguns, being a felon in possession of firearms and ammunition, possessing unregistered firearms, and possessing unserialized firearms.  He signed a plea agreement with the government and pleaded guilty to possessing machineguns, a violation of 18 U.S.C. § 922(o), on May 13, 2019.  Under the plea agreement, the government plans to move to dismiss the remaining

counts at the time of sentencing. The PSR was disclosed on July 1, 2019.

### III. GUIDELINES CALCULATION

The United States Probation Office ("USPO") disclosed defendant's PSR, calculating a criminal history category of I, based on zero criminal history points, and a total offense level of 23. The resulting imprisonment range under the United States Sentencing Guidelines is 46 to 57 months. The government concurs with the PSR's calculation of the offense level, criminal history, and corresponding Guidelines range.

### IV.  SENTENCING RECOMMENDATION

The government agrees with the USPO's recommended sentence of 46 months' imprisonment followed by a three-year term of supervised release. That sentence balances the seriousness of defendant's crime and the seriousness of his criminal history with the age of his criminal history and his early acceptance of responsibility when interviewed by agents.

Defendant's criminal conduct was serious. Machineguns are dangerous tools capable of taking many lives, and he let them into his home with his children.[1] Silencers are also dangerous tools that allow criminals to evade detection while they inflict violence. On top of that, defendant is prohibited from possessing any firearms based on his serious criminal history, which includes a 2007 California conviction for Assault with a Deadly Weapon.

---

[1] The PSR indicates that defendant has six children who now live with their mother in Sacramento. (PSR ¶ 56.) At the time officers executed the search warrant at defendant's home in Beaumont, though, four of his children (ages 3, 10, 14, and 15) were at the home.

3

In mitigation, defendant has not sustained a criminal conviction since 2007.  Further, when interviewed by agents, defendant readily admitted to possessing the firearms, ammunition, and manufacturing equipment that the officers found.

Considering all of the § 3553(a) factors, the government believes that a low-end 46-month term of imprisonment balances these mitigating facts with the seriousness of defendant's crime, the need to deter future crimes, and the need to protect the public.

**V.   CONCLUSION**

The government thus recommends that the Court impose a sentence of 46 months' imprisonment, followed by a three-year period of supervised release, and a mandatory special assessment of $100.